```
Robert J. McGaughey  (Oregon SB #8007887)
Law Office of Robert J. McGaughey
805 SW Broadway, Suite 2440
Portland, Oregon  97205
Telephone: 503-223-7555
Email: office@law7555.com

Benjamin H. Kaminash   California SB #105822 (Oregon SB #890661)
Kaminash & Associates, LLC
805 SW Broadway, Suite 2440
Portland, Oregon  97205
Telephone: 503-224-3241
Email: bkaminash@kaminashlaw.com

Of Attorneys for Plaintiff
```

FILED
2009 APR 10 PM 2:29
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HUBBARD, <br><br> Plaintiff, <br><br> vs. <br><br> PHIL'S BBQ OF POINT LOMA, INC., a California corporation, PHILLIP C. PACE and JEFFREY A. LOYA, <br><br> Defendants | Case No.: '09 CV 0735 LAB CAB <br><br> **COMPLAINT** <br><br> Dissolution of Corporation, Breach of Fiduciary Duty, Contract Breach <br><br> Jury trial requested |

## JURISDICTION AND VENUE

1. This action arises under California common law and under California Corporation Code §1800.

2. This Court has federal question jurisdiction pursuant the diversity of citizenship of the parties and the requisite amount in controversy pursuant to 28 USC § 1332.

3. Venue is proper in this district pursuant to 28 USC § 1391(a) & (c) because plaintiff is a citizen of the state of Oregon and all of the defendants are citizens of the state of California and are all residents of the Southern District of California.



## THE PARTIES

4. Plaintiff Thomas Hubbard is a citizen of the state of Oregon. Mr. Hubbard has been a shareholder of Phil's BBQ since shortly after the corporation's inception in 2006. Mr. Hubbard originally owned 1,850 shares of its common stock (representing about 5% of Phil's BBQ issued and outstanding stock). Mr. Hubbard obtained another 1,850 share in or about October 2007 from the shares already owned by the other 2 shareholders. Mr. Hubbard currently holds about 10% of Phil's BBQ issued and outstanding stock.

5. Defendant Phil's BBQ of Point Loma, Inc. ("Phil's BBQ") is a California corporation whose principal business office and center of business operations is in San Diego County, California. Phil's BBQ was formed on or about April 7, 2006.

6. Defendant Phillip C. Pace is a citizen of the state of California. Mr. Pace owns 16,575 shares (about 45%) of the outstanding common stock of defendant Phil's BBQ. Since its inception, Mr. Pace has been a member of Phil's BBQ board of directors and its president and secretary.

7. Defendant Jeffrey A. Loya is a citizen of the state of California. Mr. Loya owns 16,575 shares (about 45%) of the outstanding common stock of defendant Phil's BBQ. Since it inception, Mr. Loya has been a member of Phil's BBQ board of directors and its vice-president and chief financial officer.

## FACTS COMMON TO ALL CLAIMS

8. At all times, there have been 3 and only 3 shareholders of Phil's BBQ: Thomas Hubbard, Phillip Pace and Jeffrey Loya.

9. The owners of Phil's BBQ have elected S corporation status under the federal tax code, that is, they have elected to treat the corporation as a partnership for tax purposes. The owners have otherwise acted as if Phil's BBQ were an incorporated partnership and acted among themselves as would partners in a partnership.

10. On or about May 26, 2007, Phil's BBQ and the 3 shareholders of Phil's BBQ each executed a Shareholder Agreement. Section 1.10(c) of this Shareholder Agreement provides: "The Shareholders agree that PACE, LOYA and HUBBARD shall be Directors of the

Corporation and PACE and LOYA shall be Officers of the Corporation."

11.  The Shareholder Agreement provided in Section 4 that no shareholder could transfer or pledge his shares without first offering his shares to the other shareholders.

12.  In breach of the promises set forth in Section 4 of the Shareholder Agreement, defendant Pace pledged his shares in Phil's BBQ to Janet Desmond and Alan Yaghdjian without first offer his shares to plaintiff.

13.  Throughout the existence of Phil's BBQ, defendants Pace and Loya have disregarded plaintiff's status as a director and, on information and belief, conducted director meetings without notice to, or the participation by, plaintiff.

14.  On information and belief, in or about July 2008, defendants Loya and Pace, acting without the knowledge or consent of plaintiff, caused Phil's BBQ to make 2 transfers of money to Pace, one in the sum of $523,000 and the other in the sum of $550,000, so that Pace could purchase a golf course in his own name. Pace later characterized these transfers as "loans", but if loans, the terms of such loans were commercially unreasonable.

15.  On information and belief, in or about July 2008, defendants Loya and Pace, acting without the knowledge or consent of plaintiff, caused Phil's BBQ to make a transfer of money to Loya in the sum of $550,000.  Loya later characterized this transfer as a "loan", but if a loan, the terms of this loan was commercially unreasonable.

16.  On information and belief, in or about July 2008, defendants Loya and Pace, acting without the knowledge or consent of plaintiff, caused Phil's BBQ to borrow the sum of $1,100,000 from Wells Fargo Bank.

17.  On information and belief, in or about July 2008, immediately upon causing Phil's BBQ to borrow said $1,100,000 from Wells Fargo Bank, defendants Loya and Pace transferred the proceeds of this Wells Fargo loan to themselves on commercially unreasonable terms.

18.  All of such fund transfers to Pace and Loya, if loans, were consummated without the approval of the Phil's BBQ shareholders or directors, as required by § 315 of the California Corporation Code.

19.  Despite demand by plaintiff, Phil's BBQ has refused to permit him to inspect the

COMPLAINT

LAW OFFICE OF ROBERT J. MCGAUGHEY
805 SW Broadway, Suite 2440
Portland, Oregon 97205
Tel (503) 223-7555 • Fax (503) 525-4833
Email: Office@law7555.com

PAGE 3 OF 8

corporation's records as required by § 1601 of the California Corporation Code.

## FIRST CLAIM

(Action for Dissolution § 1800 of the California Corporation Code)

20. Plaintiff incorporate paragraphs 1 through 19 herein.

21. Throughout the existence of Phil's BBQ, Pace and Loya have been in control of the corporation.

22. Pace and Loya been guilty of or have knowingly countenanced persistent and pervasive fraud, mismanagement or abuse of authority or persistent unfairness toward any shareholders and the property of Phil's BBQ has been misapplied or wasted by reason of the following:

A. Pace and Loya have caused the corporation to make $1,623,000 in loans to themselves, on commercially unreasonable terms, without the knowledge or consent of plaintiff and in violation of § 315 of the California Corporation Code.

B. Pace and Loya have caused the corporation to transfer the proceeds of the Wells Fargo loan to themselves.

C. Pace and Loya have been conducting the financial and other business of the corporation without the knowledge or consent of plaintiff, despite the fact that plaintiff is one of the corporation's 3 directors.

D. Pace and Loya have continuously refused plaintiff's request for inspection of corporation records in violation of § 1601 of the California Corporation Code.

E. Pace and Loya have attempted to exclude plaintiff from the benefits of stock ownership in the corporation by causing the corporation to pay over to themselves all of the corporation's profits through payments to themselves while at the same time refusing to pay consulting fees and proportional distributions to plaintiff.

23. The liquidation of Phil's BBQ is reasonably necessary for the protection of the rights or interests of plaintiff. Court should appoint a Receiver to take immediate possession of the assets and business of Phil's BBQ and provide for an orderly liquidation of that business through the sale of its restaurant and other assets as a going concern. The Court should further

order an accounting of the assets of the corporation improperly transferred to Pace and Loya and after that accounting, a consequent financial reconciliation in accordance therewith either from Phil's BBQ or defendants Pace and/or Loya as the case may be and the payment of all debts of the corporation (including any debts owned to plaintiff related to his Consulting Services Agreement, or otherwise), order the Receiver to plaintiff his proportionate share of the corporate assets. Plaintiff believes that the corporation has a going concern value in excess of $10,000,000.

## SECOND CLAIM

### (Breach of fiduciary duty)

24. Plaintiff incorporate paragraphs 1 through 19 herein.

25. The owners of Phil's BBQ have elected S corporation status under the federal tax code, that is, they have elected to treat the corporation as a partnership for tax purposes. The owners have otherwise acted as if Phil's BBQ were an incorporated partnership and acted among themselves as would partners in a partnership.

26. As controlling shareholders of Phil's BBQ, Pace and Loya owe plaintiff a fiduciary duty.

27. Pace and Loya have breached their fiduciary duty to plaintiff as follows:

A. Pace and Loya have attempted to exclude plaintiff from the benefits of stock ownership in the corporation by causing the corporation to pay over to themselves nearly all of the corporation's profits through loans and other payments while at the same time refusing to pay consulting fees and distributions to plaintiff.

B. Pace and Loya have caused the corporation to make $1,623,000 in loans to themselves, on commercially unreasonable terms, without the knowledge or consent of plaintiff and in violation of § 315 of the California Corporation Code.

C. Pace and Loya have caused the corporation to transfer the proceeds of the Wells Fargo loan to themselves.

D. Pace and Loya have been conducting their business of the corporation without the knowledge or consent of plaintiff, despite the fact that plaintiff is one of the corporation's 3

directors.

28. As a direct and proximate result of the aforementioned breach of fiduciary duty, plaintiff has been damaged in that his shares in Phil's BBQ have been substantially reduced in value damaging plaintiff in a sum to be determined at trial, but not less than $1,000,000.

### THIRD CLAIM

(Breach of Contract)

29. Plaintiff incorporate paragraphs 1 through 19 herein.

30. Prior to June 2006, plaintiff was in control of a corporation which owned a lease on the real property that eventually became the site of the Phil's BBQ operations.

31. Pace and Loya wanted to have this lease transferred to Phil's BBQ.

32. As part of the consideration for the transfer of this lease, on or about June 1, 2006, plaintiff and Phil's BBQ entered into a Consulting Services Agreement, wherein plaintiff promised to provide restaurant consulting services as needed or not needed and Phil's BBQ promised to pay plaintiff the sum of $3,333.33 per month for 60 months, regardless of whether Phil's BBQ needed plaintiff's services.

33. Plaintiff provided the consulting services as agreed in the Consulting Services Agreement.

34. On information and belief, the business of Phil's BBQ was successful, largely as a result of the knowledge and skill of plaintiff.

35. On or about June 1, 2007, Phil's BBQ wanted to increase the participation of plaintiff in the business, particularly his on-site services to the business. Since plaintiff lived in another state, this required plaintiff to frequently travel to San Diego, and ultimately to lease an apartment in San Diego, and to spend considerably more time working on behalf of Phil's BBQ than the parties originally contemplated. In order to obtained plaintiff's agreement to the expansion of his duties, Phil's BBQ agreed to increase the monthly pay to plaintiff under the Consulting Services Agreement to $8,333.33 per month for the remaining months on the Consulting Services Agreement. All other terms of the Consulting Services Agreement remained unchanged.

COMPLAINT

LAW OFFICE OF ROBERT J. MCGAUGHEY
805 SW Broadway, Suite 2440
Portland, Oregon 97205
Tel (503) 223-7555 • Fax (503) 525-4833
Email: Office@law7555.com

PAGE 6 OF 8

36. Plaintiff has continued to provide consulting services to Phil's BBQ as promised.

37. Phil's BBQ paid plaintiff the sum of $3,333.33 per month for the first 11 months of the Consulting Services Agreement, as promised. Once the monthly rate increased, Phil's BBQ paid plaintiff the sum of $8,333.33 for an additional 19 months, through November 2008, when such payments stopped.

38. Despite demand by plaintiff and despite the fact that plaintiff has performed, and continues to perform, under the terms of the Consulting Services Agreement, as amended, Phil's BBQ has made no payments to plaintiff since payment was made in early December 2008 for work performed in the month of November 2008.

39. There are 30 payments of $8,333.33 remaining due on the Consulting Services Agreement, for a total of $250,000.

40. Section 11(e) of the Consulting Services Agreement provides that the prevailing party on any dispute under the Consulting Services Agreement be entitled to an award of that parties reasonable attorney fees and cost, including the costs and fees of expert witnesses and/or consultants.

WHEREFOR, plaintiff prays for judgment against the defendants as follows:

FIRST CLAIM: For the Court to order:

(A) the dissolution of defendant Phil's BBQ;

(B) the appointment of a Receiver to take immediate possession of the assets and business of Phil's BBQ and provide for an orderly liquidation of that business through the sale of its restaurant and other assets as a going concern;

(C) an accounting of the assets of the corporation improperly transferred to Pace and Loya; and

(D) after that accounting and the payment of all debts of the corporation (including any debts owed to plaintiff related to his Consulting Services Agreement, or otherwise), the Receiver to plaintiff his proportionate share of the corporate assets.

SECOND CLAIM: For a judgment against defendants Pace and Loya, jointly and severally, in an amount to be determined at trial, but not less than the sum of $1,000,000.

COMPLAINT

LAW OFFICE OF ROBERT J. McGAUGHEY
805 SW Broadway, Suite 2440
Portland, Oregon 97205
Tel (503) 223-7555 · Fax (503) 525-4833
Email: Office@law7555.com

PAGE 7 OF 8

1    THIRD CLAIM: For a judgment against defendant Phil's BBQ in a sum equal to
2 $250,000, plus plaintiff's reasonable attorney fees and costs, including expert witness and/or
3 consultants.
4    Plaintiff also prays for such other relief as the Court deems just and equitable and for his
5 costs incurred herein.
6    Dated this 7th day of April, 2009.

Respectfully submitted:

*[signature]*

Benjamin H. Kaminash,

Of attorneys for plaintiff Thomas Hubbard

### VERIFICATION (C.C.P. 446)

I have read the foregoing Complaint for Dissolution of Corporation, Breach of Fiduciary Duty, & Contract Breach and know its contents.

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

Executed on (date) 4-9-09 , at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

TOM HUBBARD        *[signature]*

Type or Print Name        Signature

COMPLAINT    LAW OFFICE OF ROBERT J. MCGAUGHEY
805 SW Broadway, Suite 2440
Portland, Oregon 97205
Tel (503) 223-7555 • Fax (503) 525-4833
Email: Office@law7555.com    PAGE 8 OF 8

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thomas Hubbard

## DEFENDANTS
Phil's BBQ of Point Loma, Inc., a California corporation, Phillip C. Pace and Jeffrey A. Loya

**(b)** County of Residence of First Listed Plaintiff: Jackson County, OR
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego County, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number): "(see attachment)"

Attorneys (If Known): L. Scott Keehn

FILED 2009 APR 10 PM 2:28
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'09 CV 0735 LAB BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |  |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause: Dissolution of corporation, breach of fiduciary duty and contract breach.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 04-09-2009
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 161937  AMOUNT 350.  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

4/10/09

Attachment to Civil Cover Sheet form JS 44

1. (c)

Law Office of Robert J. McGaughey
805 SW Broadway, Suite 2440
Portland, Oregon 97205
Telephone: 503-223-7555

Kaminash & Associates, LLC
805 SW Broadway, Suite 2440
Portland, Oregon 97205
Telephone: 503-224-3241

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 161937    - SR

April 10, 2009
14:32:48

Civ Fil Non-Pris
USAO #.: 09CV0735
Judge..: LARRY A BURNS
Amount.:                $350.00 CK
Check#.: PC#1623

Total-> $350.00

FROM: HUBBARD V. PHIL'S BARBEQUE
        CIVIL FILING